UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CRAIG JEREMY RICHARDSON,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>MARTY ORSINELLI, et al.,<br>　　　　　　　　　　　　Defendants. | Case No. 2:14-cv-00617-JAD-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(IFP App – Dkt. #5) |

　　　　Plaintiff Craig Jeremy Richardson ("Richardson") is proceeding in this action pro se. Richardson requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a complaint. The court reviewed Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) and found it was incomplete. In an Order (Dkt. #4) entered July 3, 2014, the court directed Plaintiff to file a completed application. Plaintiff complied. *See* Application to Proceed In Forma Pauperis (Dkt. #5). This matter was referred to the undersigned pursuant to the provisions of Local Rule IB 1-9.

**I.　　In Forma Pauperis Application.**

　　　　Richardson submitted the affidavit required by § 1915(a) showing he is unable to prepay fees and costs or give security for them. Accordingly, the court grants his request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The court will now review Richardson's complaint.

**II.　　Screening the Complaint.**

　　　　Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

1  § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given
2  leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from
3  the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v.*
4  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

5        Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a complaint to be dismissed
6  for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is
7  essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d
8  719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of
9  the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic*
10 *Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual
11 allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
12 elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v.*
13 *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations
14 contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,
15 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory
16 allegations, do not suffice.  *Id*. at 678.  Secondly, where the claims in the complaint have not
17 crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*,
18 550 U.S. at 570.

19       In addition, the court may dismiss all or part of a complaint sua sponte if the plaintiff's
20 claims lack an arguable basis in either fact or law.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28
21 (1989); *see also* 28 U.S.C. § 1915(e)(2).  This includes claims based on legal conclusions that are
22 untenable (e.g., claims against defendants who are immune from suit or claims of infringement
23 of legal interest which clearly does not exist).  *Id*; *see also McKeever v. Block*, 932 F. 2d 795,
24 798 (9th Cir. 1991).

25       Richardson's complaint attempts to state a claim pursuant to 42 U.S.C. § 1983 for
26 violations of his rights under the Fourth, Fifth, and Fourteenth Amendments.  To state a claim
27 under § 1983, a plaintiff must allege that a right secured by the Constitution has been violated,
28

1   and the deprivation was committed by a person acting under "color of state law." *West v. Atkins*,
2   487 U.S. 42, 48 (1988) (citation omitted).

3         The complaint names Las Vegas City Attorney Martin Orsinelli and the Las Vegas City
4   Attorney's Office as Defendants for alleged constitutional violations arising out of a state court
5   prosecution of Plaintiff.  Richardson alleges the Defendants violated the Fourth Amendment by
6   prosecuting him in violation of ABA Rule 3.8(a)[1] after evidence showed "reasonable doubt
7   wasn't going to be met."  Complaint at 3.  Second, Richardson alleges Defendants violated his
8   Fifth Amendment right to due process by continuing the prosecution after video evidence
9   "implicated contradictions to the events." *Id.* at 4.  Finally, Richardson alleges Defendants
10  violated his Fourteenth Amendment rights by prosecuting him for a crime he did not commit,
11  resulting in a ninety-day sentence in municipal jail after he was convicted.  Richardson seeks
12  "monetary value of equivalence to suit filed case# 213cv01481jcmvcf"[2] and seventy million
13  dollars. *Id.* at 7.

14        The complaint alleges Orsinelli violated Richardson's rights by prosecuting Richardson
15  after evidence at trial revealed Officer Jacobitz violated Richardson's First and Fourth
16  Amendment rights during the course of Richardson's arrest.  A state prosecuting attorney enjoys
17  absolute immunity from § 1983 liability when his actions are "intimately associated with the
18  judicial phase of the criminal process." *Cousins v Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009).
19  All of Richardson's claims against Orsinelli involve Orsinelli's prosecutorial discretion to try
20  Richardson in light of evidence revealed at trial.  Such a decision is "intimately associated with
21  the judicial phase of the criminal process." *See Cousins*, 568 F.3d at 1068.  Richardson alleges
22  that his claims against Orsinelli arose while Orniselli was acting in his official capacity as a city
23  attorney. *See* Complaint at 2:4.  Thus, Orsinelli is immune from suit, and Richardson has not
24  stated a claim upon which relief can be granted.

---

[1] This rule requires a prosecutor refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause. *See* ABA Special Responsibilities of a Prosecutor, R. 3.8.

[2] Richardson filed a companion case alleging First and Fourth Amendment violation against Officer Jacobitz. *See Richardson v. Las Vegas Metropolitan Police Dept.*, 2:13-cv-01481-JCM-VCF.

3

With respect to Plaintiff's claims against the Las Vegas City Attorney's Office, Richardson has not alleged any facts to support his allegations that the City Attorney's Office violated his constitutional rights. Richardson may be attempting to argue that the Las Vegas City Attorney's Office is liable for conduct of its employee, Defendant Orsinelli. Richardson's claims against the Las Vegas City Attorney's Office are, for purposes of § 1983, claims against the City of Las Vegas. *See Brandon v. Holt*, 469 U.S. 464, 472 (1985). As a general matter, a local governmental unit may not be held responsible for the acts of its employee under a respondeat superior theory of liability. *Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691 (1978). However, local government, such as municipalities, may be sued under § 1983, but only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id*. at 690-91. Here, Richardson has not alleged that his rights were violated based on an unconstitutional custom or policy of the City Attorney's Office or the City Attorney's Office's failure to train its employees. *See generally City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

However, even if Plaintiff had made the appropriate allegations to state a *Monell* claim against the City Attorney's Office, the claim would be barred by the United States Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *see also Trimble v. City of Santa Rosa,* 49 F.3d 583, 586 (9th Cir. 1995). Plaintiff alleges he was convicted after a jury trial in the prosecution at issue in his complaint. Accepting Plaintiff's allegations as true, success in this case would necessarily imply that his conviction was invalid because of the misconduct of state officials. In *Heck,* the Supreme Court held that to recover damages for an unconstitutional conviction or imprisonment, or for other harm caused by unlawful conduct that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." It does not appear Plaintiff's conviction or sentence was invalidated, and he cannot state a § 1983 claim concerning his state court conviction or sentence.

4

Leave to amend will not be granted because Plaintiff's claims cannot be cured by the allegation of additional facts. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494,497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the complaint but shall not issue summons.

**IT IS RECOMMENDED** that Plaintiff's complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 29th day of September, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should

5

be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.